United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 14, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
For the Fifth Circuit**

No. 06-20374
Summary Calendar

MILDRED J. MILLS,

Plaintiff-Appellant,

VERSUS

BMC SOFTWARE INC; BMC SOFTWARE INC. DISABILITY PLAN; ET AL

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas, Houston
4:04-CV-2221

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mildred J. Mills challenges the district court's order granting summary judgment to defendants Hartford Life Insurance Company ("Hartford Life"), Hartford Life and Accident Insurance Company ("Hartford) (collectively "Hartford Defendants"), BMC Software, Inc., and BMC Software, Inc. Disability Plan

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(collectively "BMC") and dismissing plaintiff's ERISA claim for termination of benefits under her employer's disability plan. For the following reasons, we AFFIRM the decision of the district court.

## I.

Mills was employed by defendant BMC as a software vendor. She began her employment in 1991 and by March 2000 was eligible to participate in her employer's ERISA long term disability plan. The plan was administered and insured by Hartford.

In September of 2001, Mills submitted a claim for long term disability benefits. Mills claimed that she suffered from a variety of medical conditions including heightened and extreme anxiety, diarrhea, vomiting, sleeplessness, and depression. Mills's treating physician submitted a report in support of her claim stating that Mills had a primary diagnosis of Post-Traumatic Stress Disorder ("PTSD") with a secondary diagnosis of reflux disease, fatigue, and cervical strain.

Following psychiatric examination and after Hartford had interviewed Mills, Hartford notified Mills that she had been approved for long term disability benefits for 24 months under the mental illness provision of BMC's policy commencing October 6, 2001. During the 24 month coverage period, Hartford undertook a review of Mills's claim that she was physically disabled and thus entitled to on-going benefits beyond the 24 month coverage period for mental disability. After this review, Hartford informed Mills

2

of its conclusion that the medical evidence only supported a finding of disability due to anxiety and depression and that Mills retained sedentary or light work capacity, that is, the ability to perform the duties of her occupation. As a result, Hartford explained, Mills was not physically disabled and her benefits would be limited to 24 months under the mental illness provision of the BMC Policy.

After exhausting her administrative appeals, Mills filed suit in district court alleging that her disability is not restricted to mental illness and that she is entitled to ongoing benefits for physical disability because she lacks the physical ability to perform the duties of her occupation. Mills contends that Hartford abused its discretion in denying her claims. Both parties submitted motions for summary judgment. The district court referred the motions to a magistrate judge who wrote a thorough opinion concluding that Hartford had not abused its discretion in rejecting Mills's claim.

Our independent review of the record leads us to agree with the magistrate judge's conclusion. The medical reports of Drs. Sniger and Friedman fully support Hartford's conclusion that Mills's problems stem from psychiatric disorders rather than physical ones and that Mills is not physically disabled because she retains the physical ability to perform the duties of her occupation. Mills's related claims against the Hartford Defendants and BMC were also properly dismissed.

Thus, for the reasons stated above and also for essentially the reasons assigned in the magistrate judge's thorough memorandum and recommendation of February 17, 2006, the judgment of the district court is affirmed.

AFFIRMED.